```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

NANCY B. MILLER,                *

      Plaintiff,                *

vs.                             *
                                        CASE NO. 4:25-cv-96 (CDL)
GEORGIA PUBLIC DEFENDER         *
STANDARDS COUNCIL, et al.,
                                *
      Defendants.
                                *
_____
                                *
```

### O R D E R

Plaintiff Nancy Miller, an attorney with the Chattahoochee Circuit Public Defender's Office, alleges that she was subjected to race and gender discrimination at work. Although Plaintiff's complaint is not a model of clarity, the Court understands that she attempts to assert claims against the following Defendants: Moffett Flournoy, in his individual capacity and in his official capacity as the circuit public defender for the Chattahoochee Circuit; and Omotayo Alli, in her individual capacity and in her official capacity as the director of the Georgia Public Defender Standards Council ("Standards Council"). Plaintiff also specifically names the "Chattahoochee Circuit Public Defender's Office" and the "Georgia Public Defender Standards Council," as

separate Defendants.  The Court will leave for another day whether these two organizations are legal entities capable of being sued.[1]

Pending before the Court are Defendants' motion to dismiss (ECF No. 13) and Miller's motion for leave to amend her complaint again (ECF No. 12).  Defendants preliminarily base their motion to dismiss on Plaintiff's sloppy pleading.  While they have a point, the Court finds that Defendants have been able to ascertain that Plaintiff asserts claims for race and gender-based employment discrimination and the bases for those claims.  Accordingly, it is preferable to rule on the merits of the substantive legal issues raised by the Rule 12(b)(6) motion to dismiss.[2]

Because Plaintiff did not plausibly allege that she was an employee of the Standards Council or Alli and because Plaintiff did not plausibly allege that Alli discriminated against her based upon her race or gender, the motion to dismiss Plaintiff's claims

---

[1] In their present motion to dismiss, Defendants do not explicitly seek dismissal of these organizations based upon them not being legal entities capable of being sued.  Given today's rulings, it does not matter whether these entities are proper Defendants or whether the claims against them should be treated solely as claims against Flournoy and Alli in their official capacities.  Therefore, these claims will be referred to interchangeably in today's order.

[2] Defendants argue that Miller's complaint constitutes a shotgun pleading in violation of Federal Rule of Civil Procedure 10(b), because it does not assign particular facts to particular claims and incorporates all preceding paragraphs in each count.  *See Barmapov v. Amual*, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (describing categories of shotgun pleadings).  Adding to the confusion, Plaintiff's complaint mis-cites authority by, for example, citing authority for race-based claims under gender-based counts.  Defendants nevertheless ascertained which facts supported Miller's causes of action.  The Court therefore refuses to dismiss Miller's complaint on this ground.

against Alli, in her individual and official capacities, and Plaintiff's claims against the Standards Council are dismissed. Plaintiff, however, sufficiently alleged that Flournoy, in his official capacity, discriminated against her based upon her race and gender, and that she filed a timely charge of discrimination with the EEOC. Therefore, the motion to dismiss by Flournoy, in his official capacity, and the motion to dismiss by the Chattahoochee Circuit Public Defender's Office, are denied. At this stage, the Court also declines to dismiss the §§ 1981 and 1983 claims against Flournoy in his individual capacity.[3] Plaintiff's allegations contained in her second set of proposed amendments don't add much to the adequacy of her claims, but to the extent that they provide some clarification, the motion to amend (ECF No. 12) is granted.[4]

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual

---

[3] The Court notes that Flournoy has not asserted in his motion to dismiss qualified immunity as a defense to the individual capacity claims.
[4] Because the Court considered the factual allegations in the most recent amendments to the extent they are relevant, Defendants do not need an opportunity to file a renewed motion to dismiss.

allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Plaintiff makes the following factual allegations in her amended complaint, which the Court accepts as true for purposes of evaluating Defendants' motion to dismiss. Miller is a black female attorney who works for the Public Defender's Office in Muscogee County, Georgia. Miller holds the rank of "Attorney IV" and "is assigned to handle criminal cases in any necessary proceeding once the cases are bound over to Superior Court." Compl. ¶ 16, ECF No. 3. In 2024, the Chief Assistant Public Defender Jose Guzman, acting on behalf of the circuit public defender Moffet Flournoy, advised Miller that she would receive a raise in her next pay period. Even after Miller received the pay adjustment, however, she was compensated approximately $10,000-$14,000 less than three of her white male colleagues: John Wilson, Rusty Zimmerman, and Eric Webb. Like Miller, each man holds the Attorney IV ranking,

although Wilson and Webb were elevated to that rank more than a year after Miller. All three men are also assigned the same duties as Miller - namely, "to handle Superior Court cases that are assigned to [the Public Defender's Office] after an arrest." 1st Am. Compl. ¶ 18, ECF No. 11.

Several months after Miller received her pay raise, the Public Defender's Office, led by Flournoy, "secretly recruited" three white employees – Angela Morelock, John Wilson, and Lindsey Brown - to attend a leadership training program. *Id.* ¶ 21. None of those individuals ranked higher or had different duties than Miller. Although the training offered participating attorneys a chance for advancement, Miller only learned about the training when a co-worker mentioned it to her. After Miller filed a timely charge of discrimination with the Equal Employment and Opportunity Commission, the Public Defender's Office began offering the training to all attorneys on a voluntary basis.

On October 23, 2024, the EEOC issued notice of Miller's right to sue on her discrimination charge. Although the notice letter listed Miller's mailing address and copied the mailing address of her attorney's law office, Miller alleges that neither she nor her lawyer received it before December 19, 2024, when the EEOC sent an email to Miller's attorney that included a copy of the right-to-sue letter. 1st Am. Compl. at 3; Miller Aff., ECF No. 11-1; Shelnutt Aff., ECF No. 11-2.

Miller filed her original complaint in this action on March 18, 2025. Defendants filed a motion to dismiss that complaint. Miller did not timely respond to the motion or file an amended complaint. After the Court ordered Miller to respond to the motion to dismiss, she filed a combined response brief and "Amendment to Complaint/Pleadings" without requesting leave of Court as required under Federal Rule of Civil Procedure 15(a)(1)(B).[5]  The Court entered a text order permitting an amended complaint notwithstanding Miller's failure to comply with the rules. Order (June 3, 2025), ECF No. 10. A week later, Miller sought leave to amend her complaint a second time, and then Defendants filed a motion to dismiss Miller's first amended complaint. That complaint asserts claims against all Defendants for (1) race discrimination in violation of the Fourteenth Amendment's Equal Protection Clause, pursuant to 42 U.S.C. § 1983 and race discrimination pursuant to 42 U.S.C. § 1981; (2) race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; and (3) gender discrimination in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).[6]

---

[5] Miller combined her first amended complaint with her response to Defendants' motion to dismiss her original complaint.  The Court considers only the complaint portion of that document in addressing the instant motion to dismiss.  The Court also considered Miller's proposed second amended complaint, which appears to be largely the same as her first amended complaint, with a few minor corrections.

[6] In her original complaint, Miller brought claims for gender discrimination under § 1983 and Title VII.  Miller, however, eliminated that count in her amended complaint, so the Court restricts its analysis

DISCUSSION

Defendants move to dismiss all of Miller's claims, arguing that her Title VII claims are untimely, that she did not adequately allege that the Standards Council is her "employer" for purposes of a Title VII claim, that she did not plausibly allege a § 1983 or § 1981 claim against Alli, and that she did not allege any facts to establish intentional discrimination on the basis of her race or sex against any of the Defendants. Defendants also argue that Miller's motion for leave to amend her complaint for the second time should be denied as futile because her proposed amendment is not materially different than her first amended complaint. The Court first addresses the claims against Alli and the Standards Council.

## I.  **Plaintiff's Claims Against Alli and the Standards Council**

Plaintiff asserts claims against Alli in her official capacity and the Standards Council for race discrimination pursuant to Title VII, 42 U.S.C. §§ 1981 & 1983, and gender discrimination under the EPA. Plaintiff's Title VII and EPA claims against Alli in her official capacity and the Standards Council

---

of Miller's claims under those statutes to her allegations of discrimination only on the basis of her race. Miller did not dismiss her claim under the EPA, which is based upon gender discrimination, and therefore, the Court does analyze that claim in this Order. The introduction of Miller's complaint also mentions a claim for retaliation, but Miller's complaint does not allege facts that she was retaliated against for engaging in protected activity, so the Court does not read her complaint to state a retaliation claim.

depend upon the existence of an employment relationship between these Defendants and Plaintiff. Plaintiff fails to plausibly allege facts supporting the conclusion that such a relationship existed. Accordingly, those claims must be dismissed.

"A Title VII workplace discrimination claim can only be brought by an employee against [her] *employer*." *Peppers v. Cobb Cty.*, 835 F.3d 1289, 1297 (11th Cir. 2016) (emphasis added). It is largely undisputed that Plaintiff was employed by Flournoy in his official capacity as the public defender for the Chattahoochee Judicial Circuit. Plaintiff argues that the Standards Council should also be considered her employer.

Two entities may be considered "joint employers" under Title VII when one entity "has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other" entity such that the "entities involved are in fact separate but . . . share or co-determine those matters governing the essential terms and conditions of employment." *Id.* at 1300 (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994)). "[T]he focal point of the inquiry is . . . which entity or entities controlled the fundamental and essential aspects of the employment relationship when taken as a whole." *Id.* at 1301. To that end, an entity which serves only "paymaster, administrative, and budgetary functions" is not a

joint employer, but an entity that shares "hiring, firing, [or] supervising" functions can be. *Id.* at 1300-01.

Miller first alleges that the Standards Council "ha[s] responsibility for [her] conditions of employment such as compensation in the form of raises" and "approved a compensation plan that discriminated against [her]." 1st Am. Compl. ¶¶ 46, 80. Miller does not allege, however, that the Standards Council was responsible for setting her pay. On the contrary, state law places the power to "fix the compensation" of public defenders like Miller in the hands of the "circuit public defender," which is Defendant Flournoy in this case. O.C.G.A. § 17-12-30(c)(2) (providing that the "circuit public defender shall fix the compensation of each state paid employee appointed pursuant to this article"); *id.* § 17-12-27(a)(1) (providing for the appointment of assistant public defenders by the circuit public defender). Simply serving as "paymaster" by approving Miller's salary does not create a joint employment relationship under the circumstances alleged here. *See Peppers*, 835 F.3d at 1300-01 (concluding that the Cobb County District Attorney's criminal investigator did not establish that Cobb County was his joint employer even though Cobb County "had authority to approve the District Attorney's budget, including individual salaries").

The Court also finds unconvincing Miller's argument that the Standards Council is her employer because it "provide[s] training

to all of the Circuit Public Defenders' Offices" on "human resource matters" and "office and employee management and treatment including compensation issues." 1st Am. Compl. ¶ 79 (renumbered to ¶ 77). Even if the Standards Council has some limited authority to conduct training and educational programs, state law delegates virtually every essential aspect of Miller's employment to the circuit public defender, including her hiring, firing, supervision, and the assignment of her day-to-day responsibilities. *See* O.C.G.A. § 17-12-24(b) ("The circuit public defenders shall administer and coordinate the day-to-day operations of their respective offices and shall supervise the assistant public defenders and other staff serving in the office."); *id.* § 17-12-27(a) ("The circuit public defender in each judicial circuit is authorized to appoint . . . [o]ne assistant public defender for each superior court judge authorized for the circuit."); *id.* § 17-12-31(a) ("The circuit public defender shall define the duties and fix the title of any attorney or other employee of the office of the circuit public defender."); *id.* § 17-12-33(b) ("The assistant public defender shall serve at the pleasure of the circuit public defender and shall have such authority, powers, and duties as may be assigned by the circuit public defender.").

Because Miller did not plausibly allege that the Standards Council jointly "control[s] the fundamental and essential aspects"

of her employment "when taken as a whole," her Title VII claim
against the Standards Council and Alli in her official capacity
fails as a matter of law.[7]  *Peppers*, 835 F.3d at 1300 (finding no
joint employer relationship between Cobby County and the District
Attorney's Office when that Office "alone filled nearly all the
roles traditionally filled by an employer").   Accordingly,
Defendants' motion to dismiss the Title VII claims against Alli in
her official capacity and the Standards Council is granted.

For similar reasons, the Court finds that Plaintiff failed to
adequately allege that Alli in her official capacity and the
Standards Council were her employer for purposes of her EPA claim.
*See* 29 U.S.C. § 203(d) (defining employer).  Accordingly, the EPA
claims against these Defendants are dismissed.

To the extent that Plaintiff summarily alleges that Alli is
individually liable pursuant to 42 U.S.C. §§ 1981 and 1983,
Plaintiff failed to allege sufficient facts to support those
claims.[8]  Furthermore, the Court rejects any suggestion that Alli
can somehow be vicariously liable for the acts of Flournoy.  It is

---

[7] Miller also alleges that the Standards Council "has authority to
terminate the Circuit Public Defender." 1st Am. Compl. ¶ 79 (renumbered
to ¶ 77); *see* O.C.G.A. § 17-12-20(c) ("A circuit public defender may be
removed for cause by the director [of the Standards Council]."). But
this provision does not state that the Standards Council has authority
to terminate *Miller's* employment which, as noted above, is a
responsibility state law assigns to the circuit public defender.
[8] Miller's § 1983 claims, including any § 1981 claims brought pursuant
to § 1983, are only against Alli in her individual capacity. Am. Compl.
7 ¶ 2.

clear that Alli "may not be held liable for the unconstitutional conduct of [her] subordinates under a theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* "In the equal protection context," this means pleading that a defendant "undertook a discriminatory action 'because of, not merely in spite of, the action's adverse effects upon an identifiable group.'" *C.C. ex rel. Andrews v. Monroe Cnty. Bd. of Educ.*, 427 F. App'x 781, 783 (11th Cir. 2011) (per curiam) (quoting *Iqbal*, 556 U.S. at 677). Thus, Miller must plead that Alli had a "racially [or gender based] discriminatory intent or purpose" to state a claim. *Andre v. Clayton Cnty.* 148 F.4th 1282, 1306 (11th Cir. 2025) (quoting *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)).

Miller alleges the following facts regarding Alli's actions: Alli "has authority over the various local public defender offices" and that "[b]y failing to act, [Alli] has ratified and condoned the unlawful conduct against [Miller]"; Alli "provide[s] training to all of the Circuit Public Defenders' Offices" on "employee management and treatment including compensation issues"; and that Alli "ha[s] responsibility" for Miller's "compensation including pay adjustments and raises" and "approved a compensation plan that

discriminated against [Miller], a female, by allowing Defendant Flournoy and the Office of the Public Defender to implement higher salaries for male employees who were performing the same duties as Plaintiff." Compl. ¶¶ 46, 77; 1st Am. Compl. ¶¶ 79, 80. Miller also alleges that Alli approved the discriminatory compensation plan, although she does not allege that she did so with a discriminatory purpose.[9] These allegations essentially assert a theory that Alli should be responsible for the actions of Flournoy, which the law does not permit under the circumstances presented here. *See Iqbal*, 556 U.S. at 676 (noting that vicarious liability "is inapplicable" to § 1983 actions). Alli's approval of the discriminatory compensation plan is a red herring. While she may have ultimately signed off on the plan, there is no allegation that she did so with a discriminatory purpose. *See Andre*, 148 F.4th at 1306 (dismissing complaint where it was "devoid of any allegations that any individual defendant acted with discriminatory purpose."). Accordingly, Miller fails to state a § 1983 or § 1981 race discrimination claim against Alli, and Defendants' motion to dismiss any such claims is granted.

---

[9] Miller also alleges that Alli "used [her] authority to implement and carry out a custom, policy, and procedure of racial discrimination." Compl. ¶ 41. But Miller alleges no facts to support the existence of any such custom, policy, or procedure. *See Iqbal*, 556 U.S. at 679 (noting that "'naked assertions' devoid of 'further factual enhancement'" do not suffice to state a claim) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**II.  Plaintiff's Claims Against Flournoy and the Chattahoochee Circuit Public Defender's Office**

Plaintiff asserts race employment discrimination claims against Flournoy in his individual capacity and in his official capacity as the Chattahoochee Circuit Public Defender pursuant to Title VII and 42 U.S.C. §§ 1981 & 1983, as well as gender discrimination under the EPA.  Defendants contend that Miller's Title VII claims are time-barred because she filed her original complaint on March 18, 2025, more than ninety days after the EEOC issued her right-to-sue notice on October 23, 2024.  A plaintiff must file an employment discrimination action within ninety days after receiving the EEOC's notice of her right to sue.  42 U.S.C. § 2000e-5(f)(1).  "[T]he [ninety]-day statute of limitations commences upon receipt of the right-to-sue letter." *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991).  Miller alleges that she did not receive notice of the letter until it was emailed to her attorney on December 19, 2024.  If Miller first received notice on this date, then her Title VII claims are not time-barred.

Defendants argue that Miller received notice of the right-to-sue letter well before December 19, relying on evidence which appears to show that the EEOC sent notice of the letter via email to Miller's attorney and his law firm on three separate occasions in October of 2024.  *See* Defs.' Mot. Dismiss Ex. A, EEOC Activity

14

Log 1-9, ECF No. 13-1.  At the motion to dismiss stage, however, the Court must accept Miller's allegations as true and draw all inferences in her favor.  *See Page v. Postmaster Gen. & Chief Exec. Officer of U.S. Postal Serv.*, 493 F. App'x 994, 995-96 (11th Cir. 2012) (per curiam) ("In adjudicating a motion to dismiss, a district court may not resolve factual disputes.").  Accordingly, the Court accepts as true Miller's allegation that she did not receive notice of her right to sue until December 19, 2024, so Defendants' motion to dismiss Miller's Title VII claims as untimely is denied.  The Court emphasizes that it does not find today that Plaintiff's Title VII claim was timely--only that Plaintiff has plausibly alleged that it was timely based on Plaintiff's averments, which the Court must accept as true at the motion to dismiss stage.

The next question is whether Plaintiff's complaint states claims for race and/or gender discrimination.  To satisfy the plausibility requirement at the motion to dismiss stage, each of these claims requires factual allegations from which a reasonable factfinder could conclude that these Defendants intentionally discriminated against Plaintiff because of her race and/or sex. Miller alleges that she was paid less than her white, male colleagues despite sharing the same rank and duties as them. Miller also alleges that she was denied the same training and advancement opportunities as her white colleagues and that those

15

opportunities were not offered to her until she filed a charge of discrimination. A reasonable jury could conclude from these allegations, which must be accepted as true at this stage, that Miller was discriminated against on the basis of her race and sex.

Defendants respond that Plaintiff failed to carry her burden because legitimate nondiscriminatory reasons existed for the employment actions and Miller did not point to sufficiently similar comparators to support her allegations. The Court rejects Defendants' attempt to convert their motion to dismiss to a motion for summary judgment. At the pleading stage, the Court may not consider disputed matters outside the complaint. While Miller may eventually have to produce evidence to avoid summary judgment, she does not have that burden in response to the pending motion to dismiss. Although the law seems ever-changing in the employment discrimination cases, the Court understands that "the correct pleading standard in a discrimination case is the same in any other case: 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *4 (11th Cir. Sept. 5, 2024) (per curiam) (quoting *Iqbal*, 556 U.S. at 678). Thus, Miller "need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Id.* (quoting *Surtain v. Hamilin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam)). Miller

adequately alleged that she was paid less than white male employees who performed the same job and that she was denied the training and advancement opportunities that her white colleagues received. The Court finds such allegations sufficient to plausibly state claims for race and gender discrimination. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's Title VII/§§ 1983 and 1981 race discrimination claims and EPA gender discrimination claims against Flournoy in his official capacity and against the Chattahoochee Public Defender's Office. At this stage of the litigation, the Court also declines to dismiss Plaintiff's discrimination claims against Flournoy in his individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[T]o establish *personal* [or individual] liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.").

CONCLUSION

Defendants' motion to dismiss (ECF No. 13) is granted in part and denied in part as follows. Because Plaintiff did not plausibly allege that she was an employee of the Standards Council or Alli and because she did not plausibly allege that Alli discriminated against her based upon her race, the Court dismisses Plaintiff's claims against Alli, in her individual and official capacities, as well as Plaintiff's claims against the Standards Council. Because Plaintiff sufficiently alleged that Flournoy discriminated against

17

her based upon her race and gender and that she filed a timely charge of discrimination with the EEOC, the Court denies the motion to dismiss by Flournoy, in his individual and official capacities, and by the Chattahoochee Circuit Public Defender's Office.  The only claims that remain pending in this action are (1) Plaintiff's race-based discrimination claims against Flournoy in his individual capacity and in his official capacity as the circuit public defender of the Chattahoochee Circuit Public Defender's Office pursuant to Title VII and 42 U.S.C. §§ 1981 & 1983; and (2) Plaintiff's gender-based EPA discrimination claim against Flournoy in his individual capacity and his official capacity as the Chattahoochee Circuit Public Defender.

Plaintiff's proposed amendments to her Complaint, even if considered by the Court, do not save the claims that the Court dismisses in today's order.  Nevertheless, they may clarify some of the remaining claims that have not been dismissed.  Therefore, the Court finds that those allegations are not futile to that extent.  Thus, the Court grants Miller's motion for leave to amend her complaint (ECF No. 12) and those amendments will be deemed to have been filed effective today.

The present stay (ECF No. 9) is lifted, and the parties shall file a joint proposed scheduling order within 21 days after the entry of today's Order consistent with the requirements of the Court's previously issued Rules 16/26 Order.

IT IS SO ORDERED, this 7th day of October, 2025.

                                    S/Clay D. Land
                                    CLAY D. LAND
                                    U.S. DISTRICT COURT JUDGE
                                    MIDDLE DISTRICT OF GEORGIA