IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| NANCY B. MILLER, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:25-cv-96 (CDL) |
| CHATTAHOOCHEE CIRCUIT PUBLIC DEFENDER'S OFFICE, *et al.*, | * |
| | * |
| Defendants. | |
| | * |

O R D E R

Plaintiff's motion for reconsideration of the scheduling order (ECF No. 23) entered in this case is denied. Plaintiff has failed to show excusable neglect for her complete disregard of this Court's previously entered Rules 16/26 Order (ECF Nos. 5 & 18), which required her to consult with Defendant's attorney and provide the Court with a jointly proposed scheduling order. Furthermore, based on her lack of excusable neglect and her consistent failure to comply with the Court's rules, the Court does not find that good cause exists to grant her motion for reconsideration.

Plaintiff, who is an attorney, also listed herself as counsel of record for herself on her complaint, along with her co-counsel, Mr. Shelnutt. Thus, this case is being prosecuted by two members of the Georgia Bar. Yet, they both seem to be too busy to follow

the Court's rules and participate in the litigation of this case. Their lack of attention to the Court's rules began at the inception of the case when they received a notice of deficiency regarding the filing of the complaint. Notice of Deficiency (Mar. 19, 2025). That deficiency was corrected with no adverse consequences to Plaintiff. Then Plaintiff failed to file any response to Defendants' motion to dismiss. Instead of dismissing the complaint for failure to prosecute, the Court took it upon itself to inform Plaintiff of her failure to respond and provided her with an extension to respond. Text Order (May 14, 2025), ECF No. 6. Then in her tardy response, she attempted to file an amended complaint, without leave of court, and embedded it within her response to the motion to dismiss. This failure to follow the Court's rules would have been noticed by a first-year law student. The Court again allowed her to correct this mistake and file the appropriate amended complaint, again without any adverse consequences. Text Order (June 3, 2025), ECF No. 10. Her amended complaint was sloppy and bordered on being a shotgun pleading. *Miller v. Ga. Pub. Def. Standards Council*, No. 4:25-CV-96 (CDL), 2025 WL 2844771, at *1 n.2 (M.D. Ga. Oct. 7, 2025) (observing that Miller's complaint "does not assign particular facts to particular claims" and mis-cites the relevant legal authority). Nevertheless, the Court considered it, having to search for her claims, and ultimately

allowed certain claims to survive. *Id.* at *1. Once again, her failure to follow the rules was excused.

Finally, after denying Defendants' motion to dismiss in part, the Court ordered the parties to confer in an attempt to provide the Court with a jointly proposed scheduling order. *Id.* at *6. Yet again Plaintiff failed to comply with the Court's order. She did not confer in any meaningful way, and the Court ordered Defendant's counsel to simply submit the scheduling order even though it may not include Plaintiff's input. Counsel for Defendant did so, and the Court entered the scheduling order. Scheduling and Discovery Order, ECF No. 20. This time Plaintiff's failure to follow the Court's rules had adverse consequences. The Court decided that she would not be able to take any depositions since she did not bother to even consult with opposing counsel as to the discovery she wished to undertake. *Id.* at 1-2. The Court finds that she waived any such right by her failure to follow the Court's order to confer with opposing counsel to prepare a jointly proposed scheduling order.

Given Plaintiff's consistent failure to follow the Court's rules, the Court finds that mercy is not warranted under the circumstances. In fact, the Court's previous acts of mercy appear to have sent the message to Plaintiff's counsel that the rules do not apply to them. Hopefully, after today's order, they will get a different message. The motion for reconsideration is denied.

4

IT IS SO ORDERED, this 10th day of November, 2025.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA